# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> CARLOS ALEXANDRE VIANA GROSSI, <br> Defendant. | Case No. CR 19-0302 FMO <br><br> **ORDER RE: FURTHER PROCEEDINGS** |

Having reviewed and considered the briefing filed with respect to defendant Carlos Viana Grossi's ("defendant") Ex Parte Application for Defendant Carlos Viana Grossi [to] Proceed Pro Se, (Dkt. 58, "Ex Parte"), the court concludes as follows.

In its Opposition to Defendant's Ex Parte Application to Proceed Pro Se, (Dkt. 59, "Opp."), the government raises concerns about the validity of a hearing pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975) over video teleconference ("VTC"). (Dkt. 59, Opp. at 1). The court shares those concerns. "Because of the inherent disadvantage in proceeding without counsel, it is crucial that a defendant who seeks to proceed pro se be fully informed of the ramifications of that decision." United States v. Hayes, 231 F.3d 1132, 1136 (9th Cir. 2000). Through hearings conducted in accordance with the parameters set forth in Faretta, 422 U.S. at 806, 95 S.Ct. at 2525, courts inform defendants of the gravity and consequences of proceeding pro se and satisfy themselves that a defendant's decision to proceed pro se is knowing and intelligent. See Hayes, 231 F.3d at 1136 ("To waive the right to counsel, a criminal defendant must make a knowing and intelligent decision that represents an exercise of informed free will.").

Although the Chief Judge of the Central District of California issued an order allowing the use of VTC to conduct certain criminal proceedings, neither the federal CARES Act nor the Chief Judge's Order expressly allow Faretta hearings via VTC.  See, generally, C.D. Cal. General Order 20-043.  At a Faretta hearing, the judge must clearly convey "the dangers and disadvantages of self-representation, so that the record will establish that [the defendant] knows what he is doing and his choice is made with eyes open."  Faretta, 422 U.S. at 835, 95 S.Ct. at 2541 (internal quotation marks omitted).  A fulsome assessment of defendant's request to proceed pro se will benefit from an in-person assessment of defendant's conduct.  See Burton v. Davis, 816 F.3d 1132, 1148 (9th Cir. 2016) ("Whether a petitioner's Faretta request is motivated by delay is just such a question of fact.  Determining that fact will be different for each petitioner and will depend on the court's assessment of the totality of the petitioner's conduct both before and after the request to determine whether the petitioner's actions are consistent with a good faith assertion of the Faretta right.") (internal quotation marks omitted).

Accordingly, on the court's own motion and pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), the court finds that a continuance is necessary in order to hold the Faretta hearing in open court.  The unprecedented public health crisis caused by the COVID-19 pandemic, also known as "Coronavirus," and its impact on the population of the Central District of California, necessitates this continuance. See United States v. McCarns, 900 F.3d 1141, 1144 (9th Cir. 2018) ("[T]he Act allows for continuances under various circumstances, including when the district court 'finds that the ends of justice served by [granting a continuance] . . . outweigh the best interest of the public and the defendant in a speedy trial.") (citing § 3161(h)(7)(A)); United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993) (§ 3161(h)(7) "excludes any period of delay resulting from a continuance granted on the basis of a judge's findings that the ends of justice served by the continuance outweigh the best interests of the public and defendant in a speedy trial.").  The Governor of California has declared a state of emergency.[1]  In addition, public health experts from

---

[1] See Exec. Dep't, State of California, "Proclamation of a State of Emergency" (Mar. 4, 2020), available at https://www.gov.ca.gov/wp-content/uploads/2020/03/3.4.20-Coronavirus-SOE-Proclamation.pdf.

the Centers for Disease Control and local County Public Health Departments have advised and/or mandated social distancing and restrictions of certain public gatherings to no more than ten people.[2]  In light of these circumstances, the court will not hold the Faretta hearing in this case until it can be conducted without jeopardizing the health and safety of the parties and court staff.  See In re Approval of Judicial Emergency Declared in Central District of California, 2020 WL 1873566 (9th Cir. 2020); Central District General Order No. 20-05.  Because of the delay in holding the Faretta hearing necessitated by the coronavirus pandemic, the court will also continue other case deadlines as well.

Accordingly, the court finds good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq. where: (1) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (2) failure to impose the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.  The time period of June 23, 2020, to July 28, 2020, inclusive, is excluded in computing the time within which the trial must commence.

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant, his attorney and counsel for the government shall attend a hearing on **July 2, 2020,** at **2:00 p.m.** in Courtroom 6D of the First Street Courthouse.

2. The pretrial conference is continued to **July 10, 2020,** at **2:00 p.m.**  Unless otherwise ordered, hearings on all pending pretrial motions will be held at the same time as the pretrial conference.  This includes the evidentiary hearing concerning defendant's motion to suppress, (Dkt. 47, Motion to Suppress), should the court determine that a hearing on that motion is necessary.

---

[2] See Ctrs. For Disease Control & Prevention, Get Your Mass Gatherings or Large Community Events Ready, (last updated March 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html; Cty. of Los Angeles Dpt. Of Public Health, "Safer at Home Order for Control of COVID-19" (April 10, 2020), http://www.publichealth.lacounty.gov/media/Coronavirus/docs/HOO/HOO_Safer_at_Home_Order_for_Control_of_COVID_04102020.pdf

3.  The trial is scheduled to begin on **July 28, 2020,** at **9:00 a.m.**  On the first day of trial, counsel must appear at 8:30 a.m. to discuss preliminary matters with the court.

4.  All other requirements set forth in the Case Management Order issued on May 24, 2019, (Dkt. 18), remain in effect.

Dated this 12th day of May, 2020.

                                             /s/
                                   Fernando M. Olguin
                               United States District Judge