**Appendix List**
for Defendant's Sentencing Memorandum

1. Exhibit A………………………………………………………………………..
   - USAO_2_000709, Lab Report
2. Exhibit B………………………………………………………………………..
   - USAO_2_000707, Report of Investigation
3. Exhibit C………………………………………………………………………..
   - USAO_000074, Audio File of Dispatch Call, attached to Dkt. 182 as Exhibit 5 (not attached to this Motion)
4. Exhibit D…….. ...................................................................................................
   - USAO_2_000247-248, Photos of Substance
5. Exhibit E……....................................................................................................a
   - USAO_2_000236, Lab Report
6. Exhibit F ...........................................................................................................
   - USAO_03, DHS Incident Report
7. Exhibit G ...........................................................................................................
   - USAO_08, DHS Incident Report
8. Exhibit H ...........................................................................................................
   - USAO_30, DHS Laboratory Report and US Custom.
   - USAO_39, Border Protection Letter to Agent Marron for Sample Cocaine
9. Exhibit I ............................................................................................................
   - USAO_40, Audio Recording of First Client Interview, attached to Dkt. 50 (not attached to this Motion)
10. Exhibit J ..........................................................................................................
    - USAO_43, DHS Custody Receipt for Seized Property.
11. Exhibit K  .........................................................................................................
    - USAO_45, DHS Shelf Weight Inventory/Recordation Log.
12. Exhibit L ..........................................................................................................
    - USAO_2_164, Redacted TSA Incident Report.

DEFENDANT'S SENTENCING MEMORANDUM – APPENDIX LIST

# EXHIBIT A

USAO_2_709
Lab Report

**DEPARTMENT OF HOMELAND SECURITY**
U.S. CUSTOMS AND BORDER PROTECTION
LABORATORIES AND SCIENTIFIC SERVICES DIRECTORATE

Los Angeles Laboratory, 3265 North Lakewood Blvd.,  Long Beach, CA  90808

562-354-2200; 562-354-2208 (Fax)

# LABORATORY REPORT

| | | | |
|---|---|---|---|
| Lab Report #: | LA20210070 | ID #: | LX13CR19LX0002, 2019272000266101GPG1-6051, 19-0671 |
| Submitted by: | JORGE MARRON | | |
| Received: | 01/08/2021 | **Reported:** | 01/12/2021 |
| Sample Description: | Six (6) vacuum seal bag pouches with tape, four (4) carbon film pouches with tape, four (4) powders | | |
| Sample Components: | Plastic, carbon film, tape | | |
| Information Requested: | Process for latent prints | | |
| Supplement Info: | FP & F #2019272000266101, Incident #2019SA0015017 | | |
| | SEB #L2114231 | | |

**Narrative:**

```
Items Submitted for Examination:
-------------------------------
Line Item #0001:  Six (6) vacuum seal bag pouches made with tape, four (4)
carbon film pouches made with tape and four (4) bags of white powder, received
in SEB #L2114231 with DHS F6051S #2019272000266101 GP Group 1.

The evidence is part of FP&F #2019272000266101, Incident #2019SA0015017 and
Investigative case #LX13CR19LX0002.

Examinations Performed:
-----------------------
The evidence was vacuum fumed with cyanoacrylate ester (superglue) then
stained with fluorescent dye and examined with laser light and a filter.

An attempt was made to remove the tape from the vacuum bags and carbon films
physically and with Un-du and canned air.

Results:
--------
No latent prints were present or developed on the evidence.

Remarks:
--------
The unknown white powders were not processed.

Methods Used:  Latent Print Procedure Manual Sections 3.5.5.1, 4.1 and 6.2.2.
```

This U.S. Customs and Border Protection laboratory report and any attached files or information are provided "For Official Use Only".   Results contained in this laboratory report relate only to the items tested.   The Laboratory report may contain information that may be exempt from public release, under the Freedom of Information Act (5 U.S.C. 552) (FOIA) and/or the Privacy Act (5 U.S.C. 552a), or may be "Law Enforcement Sensitive".   The information provided should not be employed for any other use that is not consistent with a use for which it has been provided and shall not be reproduced, except in full.   All FOIA or any other requests for information pertaining to this laboratory report must be directed to the originator, U.S. Customs and Border Protection, Laboratories and Scientific Services Directorate for review and subsequent release.

CBP Form 6416 (09/19)

USAO_2_000709

# **EXHIBIT B**

USAO_2_707
Report of Investigation



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



02/22/2021 16:48 EST

## DETAILS OF INVESTIGATION

On or about April 30, 2019, HSI LAX seized approximately 2.6 kilograms of cocaine concealed inside of two luggage bags belonging to VIANA GROSSI.

On or about January 8, 2021, HSI LAX Special Agent (SA) Jorge Marron took custody of the seized cocaine with packaging (as noted on DHS Form 6051S 2019272000266101 GP Group 1) and submitted it to the CBP Forensic Laboratory located at 3265 North Lakewood Blvd., Long Beach, CA 90808, for a latent print examination.

On or about January 14, 2021, CBP Forensic Laboratory provided SA Marron with Laboratory Report: LA20210070 identifying the results of the examination of the items provided. Below is a summary of the information detailed in Laboratory Report: LA20210070:

**Narrative:**

Items Submitted for Examination:

**Line Item #0001:** Six (6) vacuum seal bag pouches made with tape, four (4) carbon film pouches made with tape and four (4) bags of white powder, received in SEB #L2114231 with DHS F6051S #2019272000266101 GP Group 1.

The evidence is part of FP&F #2019272000266101, Incident #2019SA0015017 and Investigative case #LX13CR19LX0002.

**Examinations Performed:**

The evidence was vacuum fumed with cyanoacrylate ester (superglue) then stained with fluorescent dye and examined with laser light and a filter.

An attempt was made to remove the tape from the vacuum bags and carbon films physically and with Un-du and canned air.

**Results:**

No latent prints were present or developed on the evidence.

**Remarks:**

The unknown white powders were not processed.

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| Carlos VIANA GROSSI DTO Et Al | LX13CR19LX0002-024 | 1/15/2021 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

USAO_2_000707

# EXHIBIT C

USAO_74
Audio File of Dispatch Call,
(attached to Dkt. 182 as Exhibit 5
(not attached to this Motion))

# EXHIBIT D

USAO_2_247-248
Photos of Substance

05/09/2019

PAGE: 2 of 3



ATTACHMENT #03

ANALYST: FG

LA2019-0671

05/09/2019

PAGE: 3 of 3





ANALYST: FG

ATTACHMENT #03

LA2019-0671

USAO_2_000248

# **EXHIBIT E**

## USAO_2_236
## Lab Report

Sample Report History                    LabRptNo: LA20190671                    Page 1 of 1

**Lab:** Los Angeles ⌄   **LabRptNo:** 20190671   [Package] [Print] [ATS History] [Card]

**CaseNo:** LX13CR19LX0002, DHSF6051S-2019272000266101 GP G1
**Contact Name:** MARRON 310-335-5954
**Rush:** No
**Sample Description:** Two bags of suspected cocaine
**Sample Components:** Suspected cocaine
**Info Requested:** Test for controlled substances, List I/II chemicals
**Suppl. Info:** Incident #2019SA0015017
**Supp2. Info:** SEB #L2335086

## Lab Data

| **Received:** 5/8/2019 | **Status:** RVW | **Analysis Time:** 10 | **Lab HTSUS:** |
|---|---|---|---|

**Marks:** Chain of Custody, Forensics, HSI/ICE, Suspected Controlled Substance
**Lab Comments:**
*ZRTK 0/0.5*

## Sample Documents

| | | |
|---|---|---|
| A19232028.pdf | FSG | 5/10/2019 1:27:13 PM |
| A19232029.pdf | FSG | 5/10/2019 1:27:37 PM |
| A19232030.pdf | FSG | 5/10/2019 1:27:50 PM |
| A19232031.pdf | FSG | 5/10/2019 1:28:06 PM |
| A19232032.pdf | FSG | 5/10/2019 1:28:20 PM |
| A19232033.pdf | FSG | 5/10/2019 1:28:32 PM |

### Communications

No Communications

*Tech/Admin Rev.*
*MR 5/13/19*

## ATS Transfers

| Transfer To | Transfer Date | Accept Date | Status | Info Request |
|---|---|---|---|---|
| | | No Transfers | | |

## Assignments

| Type | Assignment | Date | By | Status |
|---|---|---|---|---|
| Branch Chief | Trevor Rudalevige | 5/8/2019 5:06:15 PM | RTK | Active |
| Analyst | Flynt Goodson, Ph.D. | 5/8/2019 5:06:26 PM | RTK | Active |

## Storage/Storage History

| SampleHistoryID | Assignment | Date | By |
|---|---|---|---|
| 1 | LOG | 5/8/2019 5:05:37 PM | Kato, Ryan |
| 2 | TAS | 5/8/2019 5:06:15 PM | Kato, Ryan |
| 3 | AAS | 5/8/2019 5:06:27 PM | Kato, Ryan |
| 4 | STR | 5/10/2019 12:52:28 PM | Kato, Ryan |
| 5 | TST | 5/10/2019 1:28:44 PM | Goodson, Ph.D., Flynt |
| 6 | RVW | 5/10/2019 1:31:52 PM | Goodson, Ph.D., Flynt |

**Storage Notes:**
stored 5/10/19 by RTK/FG

## Narrative

The sample consists of two long flat vacuum sealed bags wrapped in tape and carbon paper, containing off-white powder/solids. Each bag was emptied into plastic zip-lock bags and labeled Bag #1, net weight 722.7 g, and Bag #2, net weight 721.3 g. The sample also contained two shorter vacuum sealed bags wrapped in tape and carbon paper, containing white powder. Each bag was emptied into plastic zip-lock bags labeled Bag #3, net weight 459.1 g, and Bag #4, 348.3 g. The vacuum sealed bags emptied into Bag # 2 and Bag #3 had both previously been cut open and sealed with green CBP tape. The sample was received in sealed evidence bag L2335086 on 6051S-2019272000266101 GP Group 1. ✓
*Tquse DR*

The samples in all 4 bags were found to be predominantly Cocaine HCl, a Schedule II controlled substance under 21 C.F.R. Part 1308.

The remaining sample Bag #1 (net weight 722.6 g), Bag #2 (net weight 721.3 g), Bag #3 (net weight 459.1 g), and Bag #4 (net weight 348.2 g) will be returned to the submitting office.

METHODS USED: ASTM E1252, USP 621, USP 736, ~~ASTM E1262~~, USP 1251, ASTM E2329, LATECH-CSA.
*DR*

USAO_2_000236

# EXHIBIT F

USAO_03
DHS Incident Report



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



05/13/2019 17:26 EDT                                                                 Page 3 of 9

| Agent Name | |
|---|---|
| Last | Marron, Jorge |
| **Job Title** | SPECIAL AGENT |
| **Air & Marine Participation** | No |

## Itinerary Information

| Itinerary Information | Inbound/Outboud |
|---|---|
| **Travel Date** | 04/30/2019 |
| **Involved Country** | |
| Role | O - ORIGIN |
| Country | USA - United States |

## Violation Statistics

| Violation | 21USC953(A) - EXPORTATION OF NARCOTIC DRUGS IN SCHED I, II, III OR IV |
|---|---|
| **Arrest Statistic** | |
| Type | AR - ARREST |
| Counts | 1 |
| Date | May 1, 2019 |
| Status | Approved |

## Seizure Line Item Statistics

| Incident Line Item Number | 1 |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | DRG - Drugs |
| Type | COC - Cocaine |
| **Quantity** | 2 |
| **Unit of Measure** | KG - KILOGRAM |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX13CR19LX0002 | Carlos VIANA GROSSI DTO Et Al | Not Specified | 5/13/2019 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

USAO_000003

# EXHIBIT G

USAO_08 DHS
Incident Report



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



05/13/2019 17:26 EDT

## Narrative

On 04/30/19 at apprx. 2000 hours while working at the Los Angeles International Airport with the Passenger Enforcement Roving Team (PERT) I was assigned by Supervisor Rodriguez to inspect some luggage in the TSA Baggage Exam area for Terminal 7. Supervisor Rodriguez informed me that HSI had been contacted due to some anomalies inside two checked in bags. At approximately 2015 hours I arrived on scene and noticed a blue and yellow luggage on the x-ray belt that had been opened with the personal items removed. Upon inspecting the bags I noticed that the airline bag tag identified VIANA Grossi as the owner. I also noticed a vaccummed sealed package inside each of them. I removed one of the packages and probed it with a pocket knife. I observed a white powdery substance which I field tested using the Modified Scott Reagent Test #122 and received a positive result for cocaine. I secured the two luggages inside the government vehicle that I was assigned. At approximately 2200 hours I encountered VIANA Grossi, Carlos Alexandre (07/30/82) at gate#74 attempting to board United Airlines (UA) Flight #839 bound for Sydney, Australia. I asked VIANA if he had checked in any baggage and to describe the luggage. VIANA identified the luggage that I had secured in my vehicle. I handcuffed VIANA and escorted him to the government vehicle. At approximately 2216 hours we arrived to the Tom Bradley Terminal baggage secondary area. I escorted VIANA into a secure room and placed the bags in front of him. I obtained a binding declaration from VIANA. VIANA stated that the bags belong to him and that he had personally packed the bags. I emptied the bags out infront of VIANA. I then x-rayed the bags. At approximately 2246 hours I removed one of the packages and probed it with a pocket knife. I observed a white powdery substance which I field tested using the Modified Scott Reagent Test #122 and received a positive result for cocaine. The Gemini Testing Device was also used and received positive results for cocaine. I did the same with the package in the second bag with similar results. I conducted a patdown on the passenger incidental to seizure with negative results The two packages yielded a total weight of 2.66 kgs (5.88lbs) I contacted SECTOR at approximately 2300 hrs but was notified that there was no need due to the fact that the duty agent, Marron, was already onsite. The packages were seized on DHS 6051 # 2019-2504-002661-01. VIANA was turned over to HSI. VIANA was interviewed by the duty agent Marron. No further contact with VIANA.

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX13CR19LX0002 | Carlos VIANA GROSSI DTO Et Al | Not Specified | 5/13/2019 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

# EXHIBIT H

USAO_30, DHS Laboratory Report and US
Customs;
USAO_39, Border Protection Letter to Agent
Marron for Sample Cocaine

**DEPARTMENT OF HOMELAND SECURITY**
U.S. CUSTOMS AND BORDER PROTECTION
LABORATORIES AND SCIENTIFIC SERVICES DIRECTORATE
Los Angeles Laboratory, 3265 North Lakewood Blvd., Long Beach, CA 90808
562-354-2200; 562-354-2208 (Fax)

# LABORATORY REPORT

| | | | |
|---|---|---|---|
| **Lab Report #:** | LA20190671 | **ID #:** | LX13CR19LX0002, DHSF6051S-2019272000266101 GP G1 |
| **Submitted by:** | JORGE MARRON | | |
| **Received:** | 05/08/2019 | **Reported:** | 05/13/2019 |
| **Sample Description:** | Two bags of suspected cocaine | | |
| **Sample Components:** | Suspected cocaine | | |
| **Information Requested:** | Test for controlled substances, List I/II chemicals | | |
| **Supplement Info:** | Incident #2019SA0015017 | | |
| | SEB #L2335086 | | |

**Narrative:**

The sample consists of two long flat vacuum sealed bags wrapped in tape and carbon paper, containing off-white powder/solids. Each bag was emptied into plastic zip-lock bags and labeled Bag #1, net weight 722.7 g, and Bag #2, net weight 721.3 g. The sample also contained two shorter vacuum sealed bags wrapped in tape and carbon paper, containing white powder. Each bag was emptied into plastic zip-lock bags labeled Bag #3, net weight 459.1 g, and Bag #4, 348.3 g. The vacuum sealed bags emptied into Bag # 2 and Bag #3 had both previously been cut open and sealed with green CBP tape. The sample was received in sealed evidence bag L2335086 on DHSF6051S-2019272000266101 GP Group 1.

The samples in all 4 bags were found to be predominantly Cocaine HCl, a Schedule II controlled substance under 21 C.F.R. Part 1308.

The remaining sample Bag #1 (net weight 722.6 g), Bag #2 (net weight 721.3 g), Bag #3 (net weight 459.1 g), and Bag #4 (net weight 348.2 g) will be returned to the submitting office.

METHODS USED: ASTM E1252, USP 621, USP 736, USP 1251, ASTM E2329, LATECH-CSA.

**Analyst**

Flynt Goodson, Ph.D.

**Approved By**

Trevor Rudalevige,
Branch Chief

This U.S. Customs and Border Protection laboratory report and any attached files or information are provided "For Official Use Only". Results contained in this laboratory report relate only to the items tested. The Laboratory report may contain information that may be exempt from public release, under the Freedom of Information Act (5 U.S.C. 552) (FOIA) and/or the Privacy Act (5 U.S.C. 552a), or may be "Law Enforcement Sensitive". The information provided should not be employed for any other use that is not consistent with a use for which it has been provided and shall not be reproduced, except in full. All FOIA or any other requests for information pertaining to this laboratory report must be directed to the originator, U.S. Customs and Border Protection, Laboratories and Scientific Services Directorate for review and subsequent release.

CBP Form 6415B (02/17)

USAO_000030



**U.S. Department of Homeland Security**
Washington, DC 20229

**U.S. Customs and**
**Border Protection**

DATE: 05/13/19

Agent Maron:

Our database has not released the report for LA20190671.  The narrative of the report for sample LA20190671 is as follows:

The sample consists of two long flat vacuum sealed bags wrapped in tape and carbon paper, containing off-white powder/solids.  Each bag was emptied into plastic zip-lock bags and labeled Bag #1, net weight 722.7 g, and Bag #2, net weight 721.3 g. The sample also contained two shorter vacuum sealed bags wrapped in tape and carbon paper, containing white powder.  Each bag was emptied into plastic zip-lock bags labeled Bag #3, net weight 459.1 g, and Bag #4, 348.3 g. The vacuum sealed bags emptied into Bag # 2 and Bag #3 had both previously been cut open and sealed with green CBP tape. The sample was received in sealed evidence bag L2335086 on DHSF6051S-2019272000266101 GP Group 1.

The samples in all 4 bags were found to be predominantly Cocaine HCl, a Schedule II controlled substance under 21 C.F.R. Part 1308.

The remaining sample Bag #1 (net weight 722.6 g), Bag #2 (net weight 721.3 g), Bag #3 (net weight 459.1 g), and Bag #4 (net weight 348.2 g) will be returned to the submitting office.

METHODS USED: ASTM E1252, USP 621, USP 736, USP 1251, ASTM E2329, LATECH-CSA.

TREVOR D RUDALEVIGE
Digitally signed by
TREVOR D RUDALEVIGE
Date: 2019.05.13
17:04:55 -07'00'

Trevor Rudalevige
Branch Chief
Los Angeles Laboratory

USAO_000039

# EXHIBIT I

(No exhibit lodged.
EXHIBIT I is an Audio Recording
that was previously lodged by the government as
Exhibit D to their previous filing (Dkt 50).)

# EXHIBIT J

USAO_43
DHS Custody Receipt for Seized Property

U.S DEPARTMENT OF HOMELAND SECURITY

No. 2019272000266101 GP Group 1

## CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09

| 1. FPF No. 2019272000266101 | | 2. Incident No. 2019SA0015017 | | | |
|---|---|---|---|---|---|
| 3. Investigative Case No. | | 4. EID Event Number | | | |
| 5. Prior Detention? Yes ☐ No ☐ If yes, DHS 6051D No. | | 6. Date Seized (mm/dd/yyyy) 04/30/2019 | 7. Time Seized (Use 24 Hrs) 20:30 | | 8. FDIN/Misc. 2019586133 |
| 9. Seized From: Name: VIANA GROSSI, CARLOS Address: RUE MONTES CLAROS 1277-101, 30310370 BELO HORIZONTE, BR Telephone No. | | 10. Entry No. | 11. Seal or Other ID Nos. L2335086 | | |
| | | 12. Remarks: 2.719 KG | | | |

| 13. Send Correspondence to: U.S. CBP / ATTN:FPFO, 301 E OCEAN BLVD,, LONG BEACH, CA, 90802, TEL. No. 5623665400 | | | | | | | |
|---|---|---|---|---|---|---|---|

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 0001 | COCAINE | 1 | BG | 2.6 | KG | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

| 15. Seizing Officer CUEVAS, ALFREDO | | X  Alfred Cuevas  4/30/19 | |
|---|---|---|---|
| Print Name | | Signature                    Date | |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title /Organization | d. Signature | e. Date |
|---|---|---|---|---|
| a/ | 1 BAG | CBP APONte R.S. | | 5-1-19 |
| 0001 | See 14 b | Henry Blackwell SA/HSI | | 5/1/2019 |
| 0001 | SEE 14b | Kevin Radisay SA/HSI | | 5-1-19 |
| 001 | 1 SBB | CBP Bergenson | | 8/1/2019 |
| 0001 | 1 SEB | Kevin Radisay SA/HSI | | 5-8-2019 |
| 0001 | SEB # L2335086 | Ryan Kato VAULT | | 5/8/19 |

DHS Form 6051A Continuation Sheet Attached? Yes ☐ No ☐

DHS Retains Original



DHS Form 6051S(08/09)

USAO_000043

# EXHIBIT K

USAO_45
DHS Shelf Weight Inventory/Recordation Log

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

SHELF WEIGHT INVENTORY/RECORDATION LOG

Case: 2019-2220 0021661-01   Line Number: 0001   Page ___ of ___
Description: COCAINE   Subline: _____
Seizure/Bag Number: 62336086   DHS Form 6051S Number: _____

| Date | Shelf Weight grs/kgs | Pkg QTY | Pkg Type | Initials | Initials | Type of inventory |
|---|---|---|---|---|---|---|
| 8/1/20PI | 2.72 | KG | 1 | B6 | CI | PW |
| 8/8/20PI | 2.71 | KG | 1 | BG7 | of | ILL |

☐ Check box if a subsequent CBP Form 6051-i (Shelf Weight Inventory/Recordation Log) is attached. Note page numbers at top right corner of form.

The chronological listing of the metric shelf weights of controlled substances at each stage of seizure processing are recorded in SEACATS and on this form, INSTEAD of the original DHS Form 6051S (Custody Receipt for Seized Property and Evidence). This form becomes an attachment to and a part of the DHS Form 6051S.
Initial Columns - Two (2) sets of initials are required and one (1) set of initials must be a SPS or Alternate SPS.

USAO_000045

# EXHIBIT L

USAO_2_164
Redacted TSA Incident Report

## Section VIII: Reporting Officer's Summary/Narrative

In addition to this Summary/Narrative attach separate Witness Statement from each TSA Employee who witnessed the Incident. Reporting Officer must review all Statements.

| Your Physical Position at Time of Incident: T-7 Baggage CBRA | Timing and description of LEO response, if applicable: 1800,Valle (#07884)&DiGiorgo(#00815) | |
|---|---|---|
| Location of Incident: T-7 Baggage CBRA | Date of Incident: 4 / 30 / 2019 | Date/Time of Statement: 4 / 30 / 2019  2322 |

Name of Individual and any other identifying information:
Carlos Alexandre VianaGrossi, Brazilian Passport#FM251407 UA Ticked # 01626043870301

Who else witnessed the incident?
STSO Rodrick Willton

What happened? Write in chronological order. Provide facts, not opinions and conclusions. Did the Individual say anything during the Incident? If yes, quote their actual words to the best of your ability. Include only what you know first-hand. Write clearly or type. If additional room is required attach additional sheets.
At approximately 1720, I, STSO Rodrick Willton was called by LTSO Charles Moore to witness and confirm what appeared to be an artfully concealed alarm inside the bottom line of a checked bag that alarmed for 1158g of Sheet Type alarm on FTRI screen. I asked LTSO Moore if the item in question was the alarm threat. LTSO Moore informed me that the threat item was the sheet alarm that appeared as the threat on screen. The sheet alarm was not cleared due to being artfully concealed inside bottom and behind pull handle. LTSO Moore did a visual inspection of the rest of the bag environment with no other anomalies found. After viewing the items in question, I performed [redacted] of the bag with not alarm. All other bag items cleared. I notified CC at 1723hrs requesting TSSE.TSM Cardona was notified at 1724.TSSE James Becker responded at 1742. He cleared threat and identified the alarm as potential drugs. UA Supervisor Lisa Fiore arrived at scene 1815 to provide passenger data. Lisa brought down a second checked bag. The owner of the bag was departing out of gate 74 at 2245. Bag Tags:#4016873030 and 4016873164. PAX PNR:JKEJ21. Departure: 2245 @ 74.  LAWA Police Valle responded @1800. LAWA PD refered items in question to DHS/HIS Officer Jorge Marron(#89995) and LAWA/DEA Mike Woodard(#03584). Agent Marron opened second bag to find another warpped flat bag hidden under bottom linen as well. CBP field test outcome was cocaine totalling aprox 2 pounds in violation of Federal Law. DHS/HIS Officer Marron and LAWA/DEA Off. Woodard went to gate 74. Pax was arrested and the bags was taken into custody by DHS/HIS. NCIC report ran by Officer Marron for PAX; negative on all. CC was notified of outcome and TSM Cardona was also notified of resolution at 0003 hrs.

Disposition:PAX arrested.
NCIC: Negative on all.
Bag Tags#4016873030 and 4016873184: DHS/HSI took posession of 2 bags as property.
LAWA Incident#19086792

## Section IX: Reporting Officer

| Position (select one): ☐ TSO/LTSO  ☒ STSO  ☐ TSM  ☐ BDO TSM  ☐ Other: | Duty Assignment: T7 Baggage | Duty Telephone: (310)258-4854 |
|---|---|---|
| Last Name: Willton | First Name: Rodrick | Terminal and Shift: T7 1630-0100 |
| Signature: | Date:  4 / 30 / 2019 | |

## Section X: Reviewing Officer

| Position: TSM | Duty Telephone: (310)889-8875 |
|---|---|
| Last Name: Cardona | First Name: Alexander |
| Signature: | Date:  4 / 30 / 2019 |

## Section XI: Attachment(s)  *(mark all that apply)*

☐ None  ☒ Statements:  (Qty) ☒ Photographs  ( Qty) ☐ PARIS Report  ☐CCTV  ☐LEO/EMS Report  ☐ IVCC Report  ☐ Other:
*Ensure attachments are marked SSI as appropriate.

**WARNING:** This document may contain Privacy Act protected or other sensitive information and should be protected from unauthorized disclosure. TSA employees and contractors may share this information within DHS on a need-to-know basis. Disclosure outside of DHS must be approved by the Office of Chief Counsel and TSA Privacy Office.

*Previous editions of this form are obsolete.*

TSA Form 414, 01/11 rev. [File: 400.9]