# EXHIBIT M:
Government's Plea Offer
Dated 9-18-2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DOMINIQUE CAAMANO (Cal. Bar No. 301810)
SUSAN HAR (Cal. Bar. No. 301924)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0492/3289
    Facsimile: (213) 894-0141
    E-mails:  dominique.caamano@usdoj.gov
              susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00302-FMO |
|---|---|
|       Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>CARLOS ALEXANDRE VIANA GROSSI</u> |
|           v. | |
| CARLOS ALEXANDRE VIANA GROSSI, | |
|       Defendant. | |

1.    This constitutes the plea agreement between Carlos Alexandre Viana Grossi ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.    Defendant agrees to:

    a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count

indictment in <u>United States v. Carlos Alexandre Viana Grossi</u>, CR No. 19-302-FMO, which charges defendant with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II).

        b.   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by General Order 20-043 or another order, rule, or statute.  Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

        i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

        ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

        iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pre-trial release by VTC or telephone, if VTC is not reasonably available.

        c.   Not contest facts agreed to in this agreement.

d.    Abide by all agreements regarding sentencing contained in this agreement.

e.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f.    Not commit any crime or act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    Taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), as well as the unique circumstances of this case,

move the Court for a two-level downward variance under <u>Booker v.</u>
<u>United States</u>, 543 U.S. 220 (2005), based upon defendant's personal
history and characteristics.

     e.   At the time of sentencing, provided that (i) defendant
complies with paragraph 2 and the other provisions of this agreement
up through the time of sentencing, (ii) the Court adopts the
Sentencing Factors set forth in paragraph 14, and (iii) the Court
does not depart downward in criminal history category, recommend an
additional two-level downward variance in offense level.[1]

     f.   Recommend that defendant be sentenced to a term of
imprisonment no higher than the low end of the applicable Sentencing
Guidelines range, provided that the offense level used by the Court
to determine that range is 17 or higher and provided that the Court
does not depart downward in offense level or criminal history
category.  For purposes of this agreement, the low end of the
Sentencing Guidelines range is that defined by the Sentencing Table
in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of
the crime charged in the single-count indictment, that is, possession
with intent to distribute cocaine, in violation of 21 U.S.C.

---

[1] Because the justice system is facing an unprecedented crisis
through the backlog of cases, the parties agree that the defendant is
entitled to an additional two-level variance as recognition of
defendant's early acceptance of responsibility, which will lessen the
burden on the court system by: (1) waiving any right to presence and
pleading guilty at the earliest opportunity by VTC (or telephone, if
VTC is not reasonably available); (2) waiving any right to presence
and agreeing to be sentenced by VTC (or telephone, if VTC is not
reasonably available) should the Central District of California's
General Order allow for it; (3) agreeing to appear at all other times
by VTC or telephone; and (4) waiving all appellate rights.

§§ 841(a)(1), (b)(1)(B)(ii)(II), the following must be true:
(1) defendant knowingly possessed cocaine; and (2) defendant
possessed the cocaine with the intent to distribute it to another
person.  It does not matter whether the defendant knew that the
substance was cocaine.  It is sufficient that the defendant knew that
it was some kind of federally controlled substance.

5.   Defendant understands that for defendant to be subject to
the statutory maximum and statutory minimum sentence set forth below,
the government must prove beyond a reasonable doubt that defendant
possessed at least 500 grams of a mixture or substance containing a
detectable amount of cocaine.  Defendant admits that defendant, in
fact, possessed at least 500 grams of a mixture or substance
containing a detectable amount of cocaine, as described in the
single-count indictment.

<u>PENALTIES</u>

6.   Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 21, United States
Code, Sections 841(a)(1), (b)(1)(B)(ii), is: 40 years' imprisonment;
a lifetime period of supervised release; a fine of $5,000,000 or
twice the gross gain or gross loss resulting from the offense,
whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that, absent a determination by the
Court that defendant's case satisfies the criteria set forth in 18
U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory
minimum sentence that the Court must impose for a violation of Title
21, United States Code, Section 841(a), (b) is: five years'
imprisonment, followed by a four-year period of supervised release,
and a mandatory special assessment of $100.

5

8.     Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9.     Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.     Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

12.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about April 30, 2019, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally

possessed with intent to distribute to another person approximately 2,251 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

Specifically, on or about April 30, 2019, defendant was on a connecting flight through Los Angeles International Airport ("LAX") while traveling from London, England to Sydney, Australia.  Defendant checked two bags with United Airlines at LAX.  Transportation Security Administration personnel who first screened one of defendant's two checked bags observed an anomaly on an x-ray monitor screen, and found a black rectangular package ("Package 1") hidden inside the lining of one of defendant's checked bags.  On the same date, Customs and Border Protection officers found a black rectangular package ("Package 2") hidden inside the lining of defendant's second checked bag.  Package 1 and Package 2 contained a total of approximately 2,251 grams of a mixture or substance containing cocaine.  Defendant knew both checked bags contained the packages with a mixture or substance containing cocaine, and he intended to distribute the mixture or substance containing cocaine to another person.

<u>SENTENCING FACTORS</u>

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                26      U.S.S.G. §§ 2D1.1(a)(5),
                                                (c)(7)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15. Defendant and the USAO agree that:

a.    Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in the single-count indictment;

b.    The offense did not result in death or serious bodily injury to any person; and

c.    Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1

## WAIVER OF CONSTITUTIONAL RIGHTS

2    18.    Defendant understands that by pleading guilty, defendant

3    gives up the following rights:

4          a.    The right to persist in a plea of not guilty.

5          b.    The right to a speedy and public trial by jury.

6          c.    The right to be represented by counsel -- and if

7    necessary have the Court appoint counsel -- at trial.  Defendant

8    understands, however, that, defendant retains the right to be

9    represented by counsel -- and if necessary have the Court appoint

10   counsel -- at every other stage of the proceeding.

11         d.    The right to be presumed innocent and to have the

12   burden of proof placed on the government to prove defendant guilty

13   beyond a reasonable doubt.

14         e.    The right to confront and cross-examine witnesses

15   against defendant.

16         f.    The right to testify and to present evidence in

17   opposition to the charges, including the right to compel the

18   attendance of witnesses to testify.

19         g.    The right not to be compelled to testify, and, if

20   defendant chose not to testify or present evidence, to have that

21   choice not be used against defendant.

22         h.    Any and all rights to pursue any affirmative defenses,

23   Fourth Amendment or Fifth Amendment claims, and other pretrial

24   motions that have been filed or could be filed.

25   ## WAIVER OF RETURN OF DIGITAL DATA

26   19.    Understanding that the government has in its possession

27   digital devices and/or digital media seized from defendant, defendant

28   waives any right to the return of digital data contained on those

1  digital devices and/or digital media and agrees that if any of these

2  digital devices and/or digital media are returned to defendant, the

3  government may delete all digital data from those digital devices

4  and/or digital media before they are returned to defendant.

5                          WAIVER OF VENUE

6       20.  Having been fully advised by defendant's attorney regarding

7  the requirements of venue with respect to the offense to which

8  defendant is pleading guilty, to the extent the offense to which

9  defendant is pleading guilty were committed, begun, or completed

10  outside the Central District of California, defendant knowingly,

11  voluntarily, and intelligently waives, relinquishes, and gives up:

12  (a) any right that defendant might have to be prosecuted only in the

13  district where the offense to which defendant is pleading guilty were

14  committed, begun, or completed; and (b) any defense, claim, or

15  argument defendant could raise or assert based upon lack of venue

16  with respect to the offense to which defendant is pleading guilty.

17                 WAIVER OF APPEAL OF CONVICTION

18       21.  Defendant understands that, with the exception of an appeal

19  based on a claim that defendant's guilty plea was involuntary, by

20  pleading guilty defendant is waiving and giving up any right to

21  appeal defendant's conviction on the offense to which defendant is

22  pleading guilty.  Defendant understands that this waiver includes,

23  but is not limited to, arguments that the statute to which defendant

24  is pleading guilty is unconstitutional, and any and all claims that

25  the statement of facts provided herein is insufficient to support

26  defendant's plea of guilty.

27

28

<u>WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

22.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04[2] of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is

---

[2] The parties agree that, based on <u>United States v. Magdirila</u>, 962 F.3d 1152, 1158-59 (9th Cir. Jun. 23, 2020), at the time of sentencing, the Court should either strike condition 14 from the standard conditions of supervised release of General Order 20-04, or should impose a modified version of condition 14 that complies with <u>Magdirila</u>.

pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

24.   The USAO agrees that, provided all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

25.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

26.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have

1   cured a breach without the express agreement of the USAO in writing.

2   If the USAO declares this agreement breached, and the Court finds

3   such a breach to have occurred, then: (a) if defendant has previously

4   entered a guilty plea pursuant to this agreement, defendant will not

5   be able to withdraw the guilty plea, and (b) the USAO will be

6   relieved of all its obligations under this agreement.

7   COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

8   OFFICE NOT PARTIES

9   28.   Defendant understands that the Court and the United States

10   Probation and Pretrial Services Office are not parties to this

11   agreement and need not accept any of the USAO's sentencing

12   recommendations or the parties' agreements to facts or sentencing

13   factors.

14   29.   Defendant understands that both defendant and the USAO are

15   free to: (a) supplement the facts by supplying relevant information

16   to the United States Probation and Pretrial Services Office and the

17   Court, (b) correct any and all factual misstatements relating to the

18   Court's Sentencing Guidelines calculations and determination of

19   sentence, and (c) argue on appeal and collateral review that the

20   Court's Sentencing Guidelines calculations and the sentence it

21   chooses to impose are not error, although each party agrees to

22   maintain its view that the calculations in paragraph 14 are

23   consistent with the facts of this case.  While this paragraph permits

24   both the USAO and defendant to submit full and complete factual

25   information to the United States Probation and Pretrial Services

26   Office and the Court, even if that factual information may be viewed

27   as inconsistent with the facts agreed to in this agreement, this

28

1   paragraph does not affect defendant's and the USAO's obligations not

2   to contest the facts agreed to in this agreement.

3        30.  Defendant understands that even if the Court ignores any

4   sentencing recommendation, finds facts or reaches conclusions

5   different from those agreed to, and/or imposes any sentence up to the

6   maximum established by statute, defendant cannot, for that reason,

7   withdraw defendant's guilty plea, and defendant will remain bound to

8   fulfill all defendant's obligations under this agreement.  Defendant

9   understands that no one -- not the prosecutor, defendant's attorney,

10  or the Court -- can make a binding prediction or promise regarding

11  the sentence defendant will receive, except that it will be between

12  the statutory mandatory minimum and the statutory maximum.

13                      <u>NO ADDITIONAL AGREEMENTS</u>

14       31.  Defendant understands that, except as set forth herein,

15  there are no promises, understandings, or agreements between the USAO

16  and defendant or defendant's attorney, and that no additional

17  promise, understanding, or agreement may be entered into unless in a

18  writing signed by all parties or on the record in court.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

32.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney


_____          _____
SUSAN S. HAR                               Date
DOMINIQUE CAAMANO
Assistant United States Attorneys

_____          _____
CARLOS ALEXANDRE VIANA GROSSI              Date
Defendant

_____          _____
GERALD C. SALSEDA                          Date
Attorney for Defendant CARLOS
ALEXANDRE VIANA GROSSI

<u>CERTIFICATION OF DEFENDANT</u>

This agreement has been read to me in Brazilian Portuguese, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
CARLOS ALEXANDRE VIANA GROSSI             Date
Defendant

<u>CERTIFICATION OF INTERPRETER</u>

I, _____, am fluent in the written and spoken English and Brazilian Portuguese languages.  I accurately translated this entire agreement from English into Brazilian Portuguese to defendant CARLOS ALEXANDRE VIANA GROSSI on this date.

_____          _____
INTERPRETER                                Date


<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am CARLOS ALEXANDRE VIANA GROSSI's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          _____
GERALD C. SALSEDA                          Date
Attorney for Defendant CARLOS
ALEXANDRE VIANA GROSSI

18